THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CORNELIUS ASKEW, Appellant.

Fourth Department, July 1, 1963.

*Thomas R. Beecher, Jr.,* for appellant.

*Carman F. Ball, District Attorney (Irma R. Thorn* of counsel), for respondent.

*Per Curiam.* The jury verdict finding appellant guilty of robbery, third degree, is against the weight of the credible evidence. Moreover, the failure of the trial court, in the light of the evidence, to submit to the jury the crime of grand larceny was patent error that requires a reversal in the interest of justice. Lastly, the court erred in refusing to receive material documentary evidence.

Briefly stated, the proof submitted a factual issue as to whether the crime was that of a taking of money by force and fear or larceny by trick. Upon this second trial (see 15 A D 2d

727) the complainant testified that appellant and the codefendant took money from him after appellant had pulled a gun from his pocket. But the triers of the fact could have found that this testimony was a fabrication in view of other proof before the jury.

The complainant, shortly after the commission of the alleged crime, had made a sworn statement to the police. A detective, called by the prosecution, testified that the statements therein had been related to him by the complainant. This document completely refutes the contention that the crime was robbery. Therein, complainant stated that appellant and the codefendant persuaded him to place a sum of money in a handkerchief and secrete it in a snowbank. When complainant returned to the snowbank the money had disappeared. This sworn statement made by the complainant was admissible (Code Crim. Proc., § 8-a) although its contents were not affirmative evidence of the facts stated. (*People* v. *Freeman*, 9 N Y 2d 600, 605.) In passing it is of interest to note that our reversal following the first trial was based on the refusal of the prosecutor to make available to appellant a statement made by complainant to the police. (*People* v. *Askew*, 15 A D 2d 727.)

Upon the first trial the codefendant, Kimbrough, testified in his own behalf. Upon this trial he did not take the stand. In rebuttal the prosecutor read to the jury the prior testimony of Kimbrough. It could have been found therefrom that there was no " hold-up " but that defendants persuaded complainant to place his money with other funds supplied by Kimbrough in a handkerchief that was secreted on an admittedly false pretense made by Kimbrough. While in the process of pretending to hide the handkerchief and money defendants took possession of them, according to Kimbrough.

While this proof was received only against the codefendant, it becomes apparent that from this testimony and the police station statement of complainant the jury had substantial proof before them that this was no robbery but a larceny by trick.

The indictment contained two counts of robbery, first degree — armed with a dangerous weapon and aided by an accomplice actually present. The court, as to the first count, submitted the three degrees of robbery but as to the second count instructed the jury that its verdict must be not guilty or guilty of robbery, first degree. Faced with this hard choice, in the light of the proof, the jury deliberated for some eight hours and after requests for additional instructions returned a verdict finding appellant guilty of robbery, third degree, on the first count and

not guilty on the second count. Thus, at one point the jury returned and inquired if it would constitute robbery "if an individual surrendered money voluntarily".

The jury's verdict is impossible to reconcile with the evidence. Their finding of guilt as to both defendants of robbery, third degree, must have been based upon a rejection of complainant's testimony that a gun was used and that force and fear of immediate injury were employed. On the other hand, the acquittal of both defendants as to the second count — robbery while aided by an accomplice actually present — is inconsistent with their verdict on the first count which impliedly found that the defendants committed a robbery while acting in concert and each being the accomplice of the other.

One can only conclude from reading the record that the jury was convinced that the People had proved a larceny by trick, but under the instructions of the trial court they were confronted with the difficult choice of liberating defendants or finding them guilty of a crime that had not been proven beyond a reasonable doubt.

There can be no doubt that the lesser crime of larceny should have been charged. The applicable principle is whether "there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one". (*People* v. *Mussenden,* 308 N. Y. 558, 563.) Clearly there was such evidence and the failure of appellant's counsel to request such an instruction should not prejudice appellant's right to relief from such a fundamental and grievous error. In such circumstances this court is empowered (Code Crim. Pro., § 527) to order a new trial in the interest of justice. (*People* v. *Curtis,* 8 A D 2d 183, 185.)

The judgment should be reversed and a new trial granted.

Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted. ■